[No. 20438. In Bank. —December 4, 1888.]

## THE PEOPLE, RESPONDENT, *v.* CHARLES ROSS, APPELLANT.

CRIMINAL LAW—LARCENY—PRIOR CONVICTION OF BURGLARY—PLEA—INSTRUCTIONS. — When a defendant is charged with petit larceny and a prior conviction of burglary, and pleads guilty of the prior conviction after the information has been read to the jury, the case thereafter stands for trial on the charge of petit larceny alone, and an instruction to the jury that if they find the defendant guilty they should find him guilty as charged in the information is not ground of reversal, as misleading, since the jury must understand it as referring only to the charge of petit larceny, especially if the court, at the instance of the defendant, instructs them that they have nothing whatever to do with the charge of prior conviction of burglary.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion.

*S. D. Woods,* for Appellant, cited Pen. Code, sec. 1158; *People* v. *Brooks,* 65 Cal. 296; *People* v. *Carlton,* 57 Cal. 559; 40 Am. Rep. 112; *Hooker* v. *Johnson,* 6 Fla. 730; *Moor* v. *Teed,* 3 Cal. 190; *Thompson* v. *Lee,* 8 Cal. 276; *Fogarty* v. *Kelly,* 24 Cal. 317; *Conlin* v. *S. F. & S. J. R. R.,* 36 Cal. 404; *Capuro* v. *Builders' Ins. Co.,* 39 Cal. 123; *Sargent* v. *Linden Mining Co.,* 55 Cal. 204; *Thatcher* v. *Jones,* 31 Me. 528, 534.

*Attorney-General Johnson,* for Respondent, cited sections 666, 667, 1093, and 1158 of the Penal Code.

FOOTE, C.—The defendant was charged with petit larceny and a prior conviction of burglary; from the judgment rendered against him, and an order denying a new·trial, he appeals.

The point which he makes for a reversal of the judgment and order is, that the court erred in instructing the jury that if they found him guilty, the form of the ver-

dict should be: "We, the jury, find the defendant guilty as charged in the information."

The reason advanced by the defendant as showing error upon the part of the court in giving the instruction complained of is, that the jury was misled into the belief that they must consider the question of the defendant's former conviction of the offense of burglary in determining his guilt or innocence of petit larceny; that inasmuch as the information charging petit larceny and prior conviction of burglary had been read to the jury on the opening of the trial, they, having that in mind, were misled by the court's instruction into the belief that they must, in their verdict, find upon both charges.

But an examination of the record shows the entire improbability of such an understanding. After the information had been read, to which the defendant had pleaded not guilty of both charges, and the district attorney had stated what he expected to prove, the defendant answered that portion of the information which charged prior conviction of burglary by entering a plea of guilty.

Then the case stood for trial upon the charge of petit larceny alone, so far as the pleadings were concerned, and the province of the jury. When the evidence was introduced, it was confined to the question of the guilt or innocence of the defendant of petit larceny.

The instructions for the people referred solely to the matter of the guilt or innocence of the defendant of *petit larceny*. To make it absolutely certain that the charge of prior conviction for burglary should not be considered by the jury, the court, at the instance of the defendant, expressly informed them that as to that matter they had nothing whatever to do. Taking the instructions altogether, it is perfectly plain that the only charge remaining in the information for trial was that of petit larceny; that the jury were positively instructed to confine their

deliberations to the consideration of the truth or falsity of that charge upon the evidence before them.   There is no reason whatever to suppose that they ever dwelt in the remotest degree upon the charge of prior conviction of burglary, which, in their presence, had been eliminated from the trial by the confession of the defendant by his plea of guilty after the information had been read, and by the emphatic instructions of the court.   They must have understood the instruction objected to as relating solely to the charge of petit larceny, the only one about which there was any dispute as to the defendant's guilt.   The authorities cited by the defendant are wholly inapplicable to this case.

We advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.